CLD-088                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3580
_____

DAVID E. KATES,
                            Appellant

v.

USP LEWISBURG WARDEN; DIRECTOR FEDERAL BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:11-cv-00391)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 27, 2013

Before:  FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: December 4, 2013)
_____

OPINION
_____

PER CURIAM

        Federal prisoner David Kates appeals pro se from the District Court's order

granting summary judgment in favor of the remaining defendant in this civil rights action

brought by Kates pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).  For the reasons that follow, we will summarily affirm.

I.

Since July 2010, Kates has been incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg").  In early 2011, he commenced this action against B.A. Bledsoe (USP Lewisburg's warden at that time and until his retirement in April 2012), and Harley G. Lappin (the Director of the Bureau of Prisons at that time), alleging that his cell conditions at USP Lewisburg violated his Eighth Amendment rights.  In support of this claim, Kates alleged, inter alia, that the cells reached temperatures up to 120 degrees, were roach- and rat-infested, and contained chipped lead paint and asbestos.  According to Kates, his health deteriorated because of these conditions, causing him to suffer, inter alia, respiratory problems, heat rashes, and weight loss.[1]

Shortly after the complaint was filed, Magistrate Judge J. Andrew Smyser screened the complaint and recommended that Lappin be dismissed from the lawsuit because Kates did not "allege facts from which it can reasonably be inferred that defendant Lappin was aware of or acquiesced in the conditions at USP Lewisburg." (Mag. J. Report & Recommendation entered May 11, 2011, at 9.)  Kates concurred with that recommendation, and the District Court adopted it on July 20, 2011.[2]

---

[1] To the extent that Kates complains about the current conditions at USP Lewisburg, those complaints are outside the scope of this appeal.

[2] Kates does not challenge that decision here.

2

In October 2011, Bledsoe moved for dismissal or, in the alternative, summary judgment. The District Court, treating that filing as a motion to dismiss, denied that relief.

In January 2013, Bledsoe again moved for summary judgment, arguing that he was entitled to qualified immunity. Magistrate Judge Susan E. Schwab, to whom the case had been reassigned, recommended that the motion be granted. In her report, Magistrate Judge Schwab rejected Kates's argument that the motion was improper because Bledsoe had previously moved for summary judgment. She then concluded that Bledsoe was entitled to qualified immunity because (1) Kates had failed to establish an Eighth Amendment violation, and (2) it was not clearly established that the prison conditions to which Kates was subjected violated the Eighth Amendment. Magistrate Judge Schwab explained that the asbestos in USP Lewisburg had been abated before Kates even arrived there, that he had not submitted evidence demonstrating the presence of lead paint or a rat infestation, and that he had admitted that, after the prison fumigated for roaches in 2010, there was only the occasional roach or other insect. As for Kates's complaint about the heat, Magistrate Judge Schwab noted that his cell had a window and was equipped with running cold water. Moreover, she concluded that, even if "Kates has presented sufficient evidence for a reasonable trier of fact to conclude that based on the heat he was denied the minimal civilized measure of life's necessities," his claim still failed because "he has not presented sufficient evidence for a reasonable trier of fact to conclude that [Bledsoe] was deliberately indifferent to a substantial risk of serious harm." (Mag. J. Report & Recommendation entered July 25, 2013, at 19.) On August 14, 2013,

3

the District Court adopted Magistrate Judge Schwab's recommendation and closed the case. This appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review de novo the District Court's decision to grant Bledsoe's motion for summary judgment. See Schmidt v. Creedon, 639 F.3d 587, 594-95 (3d Cir. 2011). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists, summary judgment should not be denied unless there is sufficient evidence for a jury to reasonably find for the non[-]movant." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks and citation omitted).

To determine whether an official is entitled to qualified immunity, a court must decide whether (1) the facts shown by the plaintiff "make out a violation of a constitutional right," and (2) "the right at issue was 'clearly established' at the time of defendant's alleged misconduct." Pearson v. Callahan, 555 U.S. 223, 232 (2009). "If the plaintiff fails to satisfy either prong, the defendant is entitled to judgment as a matter of law." James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012).

For substantially the reasons set forth in Magistrate Judge Schwab's July 25, 2013 report, which the District Court adopted, we agree that Bledsoe's October 2011 motion, which was treated as a motion to dismiss, did not bar him from filing his January 2013

4

summary judgment motion. Furthermore, for substantially the reasons set forth in that same report, we agree that Kates failed to make out an Eighth Amendment violation and that, as a result, Bledsoe was entitled to summary judgment on qualified immunity grounds.[3] In Kates's argument in support of this appeal, he avers that his objections to Magistrate Judge Schwab's report were timely submitted to prison officials but did not reach the District Court until after the court had ruled on Bledsoe's summary judgment motion. Having reviewed those objections, we find them unpersuasive and cannot conclude that they warrant disturbing the District Court's decision to adopt Magistrate Judge Schwab's recommendation.

Kates's argument in support of this appeal also accuses the defendants' counsel of making false statements and engaging in other improper conduct during the District Court proceedings. Furthermore, Kates claims that unidentified prison officials have harassed him, retaliated against him, confiscated his legal materials, assaulted him, and engaged in "other unprofessional conduct since the start of this [case]." But Kates has not demonstrated that this alleged conduct meaningfully impacted this case or that it justifies vacating the District Court's judgment.[4]

---

[3] In her report, Magistrate Judge Schwab observed that, "[i]n accordance with Local Rule [of Civil Procedure] 56.1, [Bledsoe] filed a statement of material facts and supporting documents, and Kates filed a response to the statement or [sic] material facts." (Mag. J. Report & Recommendation entered July 25, 2013, at 8.) Although Kates's response disputed some of those facts, Magistrate Judge Schwab treated them as undisputed because Kates "does not cite to record evidence to support such a dispute." Id. Having reviewed Kates's response ourselves, we note that it *does* include some references to prisoner affidavits (which Magistrate Judge Schwab highlighted later in her report, (see id. at 18)) and other evidence submitted by Kates contemporaneously with his response. Nevertheless, this evidence did not create a genuine dispute as to a material fact. We also note that, given our conclusion that Kates failed to make out a constitutional violation, we need not decide whether he satisfied the other prong of the qualified immunity test.

[4] To the extent that Kates wishes to pursue relief against those unnamed prison officials, the appropriate course to take would be to file a new Bivens action in the District Court. We take no position on his likelihood of prevailing in such an action.

We have considered Kates's remaining arguments and conclude that they do not entitle him to relief here. Because this appeal does not present a substantial question, we will summarily affirm the District Court's decision granting Bledsoe's motion for summary judgment. <u>See</u> 3d Cir. I.O.P. 10.6.